**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **Jane Doe #1** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. _____** |
| | ) | |
| | ) | **Judge _____** |
| **v.** | ) | |
| | ) | **Collective Action Complaint for** |
| | ) | **Violations Of Federal Wage-and-** |
| | ) | **Hour Law** |
| | ) | |
| | ) | |
| **DÉJÀ VU CONSULTING, INC.** | ) | |
| **DÉJÀ VU SERVICES, INC,** | ) | |
| **DÉJÀ VU OF NASHVILLE,** | ) | |
| **INC., and HARRY MOHNEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### COLLECTIVE ACTION COMPLAINT

---

Plaintiff Jane Doe,("Named Plaintiff" or "Plaintiff") brings this action for damages and other legal and equitable relief for Defendants' violations of the Fair Labor Standards Act ("FLSA") against Defendants Déjà Vu Consulting (hereinafter "DVC"), Inc., Déjà Vu Services, Inc., (hereinafter "DVS") Déjà Vu of Nashville (hereinafter "DV-Nashville") and Harry Mohney (hereinafter "Mohney") (hereinafter collectively referred to as "Defendants"). Named Plaintiff files this lawsuit on her own behalf as well as for and on behalf of all other similarly situated individuals working as showgirls/entertainers classified as independent contractors by Defendants. In support of her claims, Named Plaintiff alleges the following:

### I.      INTRODUCTION

1.      This case is about wage theft and mandatory illegal kickbacks.

2.      Defendants refuse to pay Named Plaintiff and the Putative FLSA Class of similarly situated showgirls/entertainers classified as independent contractors (the "Putative FLSA Class") any wages, require Plaintiff and all members of the Putative FLSA Class to pay to work, and require Plaintiff and all members of the Putative FLSA Class to incur Defendants' business expenses such as costumes and other tools of the trade without reimbursement.

3.      Defendants misclassification of the Plaintiff and the members of the Putative FLSA Class is intentional and willful and the result of a company-wide scheme to misled putative class members by presenting them with a false choice between classification as an employee or "independent contractor."  Defendants crafted two separate agreements, one for "employees" and one for "independent contractors" and force the putative class members to choose which classification under which they will be employed.  In reality this "choice" is a thinly veiled sham to give the cover of legitimacy to Defendants' intentional misclassification of its showgirls/entertainers (also known as performers/dancers/strippers/exotic dancers but hereinafter "Showgirls").  Regardless of classification chosen, the same general work rules controlled by Defendants over the putative class members apply, except that a purported list of unfavorable working conditions are threatened to apply to any Showgirl who chooses to be an "employee."  Upon information and belief, no Showgirls have chosen to be classified as "employees" because of the manner in which the choice is presented and the encouragement by Defendants and their management to choose "independent contractor" status.  The very nature of this scheme violates the law and was designed by Defendants solely to avoid paying its Showgirls the minimum and overtime wages, as well as other requirements, of the FLSA.

4.     Notwithstanding any Putative FLSA Class member's "election" to be classified as an "independent contractor," Defendants are actually the Showgirls' employers under the law. Defendants control the method and manner of their work, closely supervise the Showgirls, and promulgate and enforce all manner of work place rules that all Showgirls must follow or be terminated.

5.     Named Plaintiff and the Putative FLSA Class never received any wages from any Defendant for the time spent working for Defendants performing compensable activity for Defendants' principal benefit.

6.     Named Plaintiff and the putative class members' only income was non-wage income paid by patrons, not Defendants, and only after paying all the fees, fines and business expenses required to be paid by Defendants.

7.     Named Plaintiff and all Putative FLSA Class members were required to pay to Defendants a minimum mandatory fee to work, sometimes called a "house fee."

8.     Named Plaintiff and all Putative FLSA Class members were required to pay to Defendants a portion of any fees patrons paid for dances from the Showgirls.

9.     Named Plaintiff and all Putative FLSA Class members were required to incur costs for costumes and other tools of the trade that were in reality business expenses of Defendants and which costs should have been reimbursed to them by Defendants.

10.     Defendants promulgated rules, known as House Rules, that Named Plaintiff and all other Putative FLSA Class members were required to follow or be subjected to fines levied by Defendants.

11.     The fees, fines and expenses paid to Defendants by Showgirls or costs incurred by Showgirls constitute *de facto* deductions and/or illegal kickbacks in violation of the FLSA and,

in addition to the payment of minimum and overtime wages, all fines, fees and expenses must be paid by Defendants to the Named Plaintiff and the Putative FLSA Class Members in order to avoid illegally reducing their wages below the statutory minimum.

## II.    PARTIES

13.    Jane Doe #1 ("Named Plaintiff") is an individual residing in Davidson County, Tennessee. Named Plaintiff seeks to proceed pseudonymously in public filings and keeping her identity non-public.  Although Named Plaintiff will file a protective order requesting the Court allow her to proceed pseudonymously and upon entry of a court approved protective order, Named Plaintiff will disclose her identity to Defense counsel and certain agents of Defendants.

A.    Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, specifically prosecution of the suit will allow plaintiff to disclose "information of the utmost intimacy."

B.    Additionally, Named Plaintiff's privacy interests substantially outweigh the customary practice of judicial openness because the inherent danger of disclosing her true identity in connection with her history of performing nude or semi-nude adult entertainment may invite opprobrium from her family, friends, community, current employer, and/or prospective employer. Also, the risk that current/former patrons knowing her true identity may seek to stalk, commit violence, and/or risk other injury against her if her legal name is disclosed.

C.    Further tipping the balance in favor of anonymity is the fact that Defendants frequently allow their Showgirls to use fictitious stage names because of the inherent risks to Showgirls in the adult entertainment industry and for the Showgirls' privacy interest and physical well-being.

D.      Defendants will not be prejudiced by the non-public disclosure of Named Plaintiff's identity as her identity will be disclosed to Defendants to allow them to assess and defend their claims.

12.      Named Plaintiff was employed as a Showgirl and classified as an independent contractor by Defendants within the three years preceding this filing.

13.      Defendant Déjà Vu Consulting, Inc. (hereinafter "DVC") is a Michigan Corporation whose headquarters are located at 8252 E. Lansing Road Durand, MI 48429, and that may be served through its registered agent Modern Bookkeeping, Inc., which is also located at 8252 E. Lansing Road Durand, MI 48429.

14.      Defendant Déjà Vu Services, Inc. (hereinafter "DVS") is a Michigan Corporation whose headquarters are located at 8252 E. Lansing Road Durand, MI 48429, and that may be served through its registered agent Modern Bookkeeping, Inc., which is also located at 8252 E. Lansing Road Durand, MI 48429. Upon information and belief, Modern Bookkeeping, Inc. is an entity controlled by DVC and DVS.

15.      Defendants do business in Tennessee, through Defendant Déjà Vu of Nashville, Inc. (hereinafter "DV-Nashville") is a Tennessee Corporation whose principle place of business is located at 1214 Demonbreun St. Nashville, TN 37203, and that may be served through its registered agent CT Corporation System, 800 S Gay Street, Suite 2021 Knoxville, TN 37929.

16.      Defendants DVC and DVS own, control, and operate adult entertainment by utilizing nightclubs such as DV-Nashville.

17.      Upon information and belief, Mohney is the founder of the Déjà Vu Showgirl chain of adult entertainment nightclubs and owns, manages and/or controls DVS, DVC and Defendants' locations listed in paragraph 34 *infra.*, directly or indirectly. Mohney together with DVC

perpetuates the employment policies affecting class members that are challenged in this lawsuit. Mohney manages, operates and/or controls the business operations and employment policies at the numerous nightclubs doing business under the "Déjà Vu," "Déjà Vu Showgirls," and/or other "Déjà Vu" trade names including the Déjà Vu Affiliated Nightclub where Plaintiff and class members worked.

18.     Named Plaintiff and all members of the Putative FLSA Class are current or former employees of Defendants.

19.     By allowing Showgirls, including Named Plaintiff, to suffer or permit to work for Defendants at Deju Vu-affiliated locations, including DV-Nashville, Defendants employed, for purposes of the FLSA, the Named Plaintiff and all members of the Putative FLSA Class.

20.     Named Plaintiff brings this action for and on behalf of herself and all other similarly situated employees of Defendants to remedy Defendants violations of 29 U.S.C. §206 and §207. Specifically, she seeks to recover, for herself and all other similarly situated employees, unpaid minimum wages, her unpaid overtime compensation, reimbursement for fees, fines and incurred expenses, an additional amount as liquidated damages, costs, expenses and attorneys' fees pursuant to 29 U.S.C. §216(b).  She also seeks any other legal or equitable relief to which she and the Putative FLSA Class may be entitled.

21.     The class which Named Plaintiff seeks to represent are all other Showgirls classified by Defendants as independent contractors at any DVC affiliated adult entertainment location as listed in paragraph 34 *infra.*,[1] for the three years prior to filing this complaint.

---

[1] Named Plaintiff seeks Court facilitated notice be sent to Putative FLSA Class Members who worked at locations listed in  paragraph 34 infra. except for showgirls/dancers who worked exclusively at Déjà Vu Affiliated Nightclubs in Saginaw, Michigan or Tampa, Florida.

22.     Named Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. 216(b). Attached as Exhibit A is Named Plaintiff's consent form.[2]

### III.     JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 because this action involves a federal question, 29 U.S.C. §§ 201 *et seq.*

24.     Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction.

25.     Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §1391 because a substantial portion of the events forming the basis of the suit occurred in this District and one or more of the parties reside in this District.

### IV.     COVERAGE

26.     At all material times (the three years preceding the date this complaint is filed), each Defendant have acted in the interest of an employer or joint employer with respect to Plaintiff and the FLSA Class.

27.     At all material times, Defendants have been an employer and/or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.     At all material times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

29.     At all material times hereinafter mentioned, Defendants have been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees

---

[2] Named Plaintiff's printed name and signature have been redacted for the public filing, but will be filed under seal if the Court approves a protective order.

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

30.     At all material times hereinafter mentioned, Named Plaintiff and FLSA Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.   Plaintiff and every member of the Putative FLSA Class are or were involved in interstate commerce, therefore, they are also covered by the FLSA on an individual basis.

## IV.     FACTUAL ALLEGATIONS

### DVC Controls Adult Entertainment Night Clubs

31.     Defendant DVS operates a chain of adult entertainment night clubs, previously operated by or jointly with Defendant DVC.

32.     Defendant DVS owns and/or operates at least 66 adult entertainment night clubs in at least 18 states in the United States, previously operated by or jointly with Defendant DVC.

33.     Defendants utilize various local management teams across the United States for its various adult entertainment night clubs, including Defendant DV-Nashville.

34.     Defendants operate the website "DejaVu.com" listing the adult entertainment nightclubs it operates under the following two headings:  (1) Club Locations, and (2) Hustler Locations.

35.     Each of the following locations listed in this paragraph have been owned and/or operated by Defendants:

| State | Location Name | Address | |
|-------|---------------|---------|---|
| California | | | |
| 1 | Sam's After Dark – Los Angeles | 150 E Washington Blvd Los Angeles, CA 90021 | |

| | | | |
|---|---|---|---|
| 2 | Déjà Vu Showgirls - Torrance | 20320 Hamilton Avenue Torrance, CA 90502 | |
| 3 | Centerfolds – San Francisco | 391 Broadway San Francisco, CA 94133 | |
| 4 | Déjà vu Showgirls - Stockton | 4206 N. West Ln. Stockton, CA 95204 | |
| 5 | Déjà vu Showgirls - Sacramento | 11252 Trade Center Drive Rancho Cordova, CA | |
| 6 | Déjà vu Showgirls - (Midway) San Diego | 2720 Midway Dr. Sand Diego CA 92110 | |
| 7 | Little Darlings -Lemon Grove | 8290 Broadway Lemon Grove, CA 91945 | |
| 8 | Déjà vu Showgirls – North Hollywood | 7350 Coldwater Canyon Ave. North Hollywood, CA 91605 | |
| 9 | Déjà vu Showgirls (On Main) - Los Angeles | 1800 S. Main St. Los Angeles, CA 90015 | |
| 10 | Déjà vu Showgirls (After Hours) - Los Angeles | 710 E. Commercial St. Los Angeles, CA 90012 | |
| 11 | Déjà vu Showgirls - Hollywood | 6315 Hollywood Blvd. Hollywood, CA 90028 | |
| 12 | Déjà Vu Showgirls -City of Industry | 16025 Gale Ave., Ste. A11 City of Industry, CA 91745 | |
| 13 | Déjà Vu Showgirls - Bakersfield | 1524 Golden State Ave. Bakersfield, CA 93301 | |
| 14 | Larry Flynt's Hustler Club- San Francisco | 1031 Kearny Street San Francisco, CA 94133 | |
| **Colorado** | | | |
| 15 | Déjà vu Showgirls – Colorado Springs | 2145 B. St Colorado Springs, CO 80906 | |
| **Florida** | | | |
| 16 | Hammered Harry's - Tampa | 6807 Adamo Drive Tamp, FL 33619 | |
| 17 | Déjà vu Showgirls – Tampa | 6805 Adani Drive Tampa, Florida | |
| **Illinois** | | | |
| 18 | Déjà vu Showgirls – Springfield | 3220 Lake Plaza Drive Springfield, IL 62703 | |
| 19 | Boutique Erotica – Washington Park | 5420 Bunkum Rd Washington Park, IL 62204 | |
| 20 | Larry Flynt's Hustler Club -St. Louis | 5420 Bunkum Rd Washington Park, IL 62204 | |
| **Indiana** | | | |
| 21 | DreamGirls- Lake Station | 2493 Ripley Street Lake Station, IN 46405 | |
| 22 | Déjà vu Showgirls- Lake Station | 2491 Ripley Street Lake Station, IN 46405 | |

| Kentucky | | | |
|---|---|---|---|
| 23 | Déjà vu Showgirls – Louisville | 3421 Taylor Blvd. Louisville, KY 40215 | |
| 24 | Déjà vu Showgirls – Lexington | 485 New Circle Rd. NW Lexington, KY 40511 | |
| **Louisiana** | | | |
| 25 | Cat's Meow – New Orleans | 701 Bourbon St. New Orleans, LA 70116 | |
| 26 | Déjà vu Showgirls – New Orleans | 226 Bourbon St. New Orleans, LA 70130 | |
| 27 | Larry Flynt's Barely Legal – New Orleans | 423 Bourbon St. New Orleans, LA 70130 | |
| 28 | Larry Flynt's Hustler Club – New Orleans | 225 Bourbon St. New Orleans, LA 70130 | |
| 29 | Larry Flynt's Hustler Club – Shreveport | 202 Commerce St. Shreveport, LA 71101 | |
| **Maryland** | | | |
| 30 | Little Darlings – Baltimore | 403 E. Baltimore St. Baltimore, MD 21202 | |
| 31 | Larry Flynt's Hustler Club – Baltimore | 409 E. Baltimore St. Baltimore, MD 21202 | |
| **Michigan** | | | |
| 32 | Little Darlings – Kalamazoo | 1336 Ravine Rd., Ste. A, Kalamazoo, MI 49004 | |
| 33 | Little Darlings – Flint | 2341 S Dort Hwy, Flint, MI 48507 | |
| 34 | Déjà vu Showgirls – Ypsilanti | 31 N. Washington St., Ypsilanti, MI 48197 | |
| 35 | Déjà vu Showgirls – Saginaw | 6530 Bay Rd., Saginaw, MI 48604 | |
| 36 | Déjà vu Showgirls – Lansing | 1000 W. Jolly Rd., Lansing, MI 48910 | |
| 37 | Déjà vu Showgirls – Kalamazoo | 1336 Ravine Rd, Ste. C, Kalamazoo, MI 49004 | |
| 38 | Déjà vu Showgirls – Highland Park | 16549 Woodward Ave. Highland Park, MI 48203 | |
| 39 | Déjà vu Showgirls - Flint | 2402 S. Dort Hwy., Flint, MI 48507 | |
| 40 | Larry Flynt's Hustler Club – Detroit | 980 John A. Papalas Dr. Lincoln Park, MI 48146 | |
| **Minnesota** | | | |
| 41 | Dream Girls – Minneapolis | 12 North 5th St. Minneapolis, MN 55403 | |
| 42 | Déjà vu Showgirls – Minneapolis | 315 Washington Ave. N Minneapolis, MN 55401 | |

| Nevada | | | |
|---|---|---|---|
| 43 | Krush – Las Vegas | 4740 Arville St. <br> Las Vegas NV 89103 | |
| 44 | Chicken Ranch Brothel – Pahrump | 10511 Homestead Rd. <br> Pahrump, Nevada 89061 | |
| 45 | Erotic Heritage Museum – Las Vegas | 3275 Sammy Davis Jr. Drive <br> Las Vegas, NV 89109 | |
| 46 | Little Darlings – Las Vegas | 1514 Western Ave. S. <br> Las Vegas, NV 89102 | |
| 47 | Déjà vu Showgirls – Las Vegas | 3247 Sammy Davis Jr. Drive <br> Las Vegas, NV 89109 | |
| 48 | Larry Flynt's Hustler Club – Las Vegas | 6007 Dean Martin Dr. <br> Las Vegas, NV 89118 | |
| **New York** | | | |
| 49 | Larry Flynt's Hustler Club – New York | 641 W. 51st St. <br> New York, NY 10019 | |
| **Ohio** | | | |
| 50 | Déjà vu Showgirls – Toledo | 135 S. Byrne Rd. <br> Toledo, OH 43615 | |
| 51 | Larry Flynt's Hustler Club – Cleveland | 1101 Center St. <br> Cleveland, OH 44113 | |
| **Oklahoma** | | | |
| 52 | Déjà vu Showgirls – Oklahoma City | 1501 SE 59th St. <br> Oklahoma City, OK 73129 | |
| 53 | Little Darlings – Oklahoma City | 1500 SE 59th St. <br> Oklahoma City, OK 73129 | |
| **Oregon** | | | |
| 54 | Club Rouge - Portland | 403 Southwest Stark St. <br> Portland, OR 97204 | |
| **Tennessee** | | | |
| 55 | Déjà vu Showgirls – Nashville | 1214 Demonbreun St. <br> Nashville, TN 37203 | |
| **Texas** | | | |
| 56 | Bucks Cabaret – Dallas | 2150 California Crossing <br> Dallas, TX 75220 | |
| **Washington** | | | |
| 57 | Pole Position – Tacoma | 10707 S Pacific Ave. <br> Tacoma, WA 98444 | |
| 58 | Déjà vu Showgirls (Airport) – Tukwila | 15011 Tukwila Int'l Blvd. <br> Tukwila, WA 98188 | |
| 59 | DreamGirls at Fox's – Tacoma | 10707 Pacific Ave So. <br> Tacoma, WA 98444 | |
| 60 | Déjà vu Showgirls – Tacoma | 8920 S. Tacoma Way <br> Lakewood, WA 98409 | |

| 61 | Déjà vu Showgirls – Spokane | 8722 E. Sprague Ave. Spokane, WA 99206 | |
|----|-----|-----|---|
| 62 | DreamGirls at Ricks – Seattle | 11332 Lake City Way NE Seattle, WA 98125 | |
| 63 | Little Darlings – Seattle | 2027 Westlake Ave Seattle, WA 98121 | |
| 64 | DreamGirls at SoDo – Seattle | 1530 1st Ave. South Seattle, WA 98134 | |
| 65 | Déjà vu Showgirls – Seattle | 1510 1st Ave. (Upper) Seattle, WA 98101 | |
| 66 | Déjà vu Showgirls – Lake City | 14556 Bothell Way NE Lake Forest Park, WA 98155 | |

36.    Each of the locations listed in paragraph 34 is partly owned by Defendants.

37.    Each of the locations listed in paragraph 34 uses Showgirls classified as independent

contractors.

38.    The Showgirls who perform at the locations listed in paragraph 34 are similarly situated

to the Named Plaintiff and are properly part of the Putative FLSA Class.

39.    Each of the locations listed in paragraph 34 receives potential applicants through the

DVS controlled DEJAVU.COM website.

40.    Each of the locations listed in paragraph 34 receives potential patrons through the DVS

controlled DEJAVU.COM website.

41.    Each of the locations listed in paragraph 34 list promotions to the public through the DVS

controlled DEJAVU.COM website.

42.    Each of the locations listed in paragraph 34 provides promotional packages on the DVS

controlled DEJAVU.COM website, that can be purchased online.

43.    Defendants solicit and receive applications for the locations listed in paragraph 34,

including those interested in becoming a Showgirl through the DVS controlled DEJAVU.COM

website.

44.     Named Plaintiff was employed as a Showgirl at Defendants' Déjà vu Showgirls located at 1214 Demonbreun Street Nashville Tennessee.

45.     Named Plaintiff worked from approximately March 2011 to July 14, 2016, and was classified as an independent contractor by Defendants throughout her tenure.

46.     Defendants' adult entertainment nightclubs, including DV-Nashville, categorized Showgirls, including Named Plaintiff and the Putative FLSA Class members as "Independent Contractors" during the three years prior to filing this lawsuit

47.     These Showgirls classified as "Independent Contractors" were required to provide nude and/or semi-nude entertainment for patrons of Defendants entertainment locations subject to Defendants' work rules.

48.     Defendants did not categorize Named Plaintiff or the Putative Class Members as exempt "professionals" within the meaning of §213.

49.     Defendants did not pay the Named Plaintiff or the similarly situated Putative FLSA Class members a wage of any sort.

**Defendants Controlled Working Conditions of its Showgirls**

50.     At all material times (the three years prior to the filing of instant lawsuit) Defendants did not require Showgirls to have prior experience in adult nude and semi-nude entertainment.

51.     At all material times the Defendants determined the night clubs' hours of operation.

52.     At all material times the Defendants determined whether Named Plaintiff or a Putative FLSA Class member was "on-schedule" or "off-schedule."

53.     At all material times the Defendants determined what "fee schedule" applied to Named Plaintiff or a Putative FLSA Class member based on whether they were considered "on-schedule" or "off-schedule."

54.     At all material times the Defendants determined the method of payment for dances performed by Plaintiff and Putative FLSA Class members.

55.     At all material times the Defendants determined the dance fees that Named Plaintiff and that each Putative FLSA Class member would charge patrons for a couch dance, VIP dance, and other services.

56.     Showgirls are essential to the Defendants success as adult entertainment nightclubs.

57.     At all material times the Defendants determined the inventory of food and beverages offered by the nightclub.

58.     At all material times the Defendants have regulated what constitutes suitable attire and suitable behavior, including regulating interactions with club patrons, for its Showgirls.

59.     At all material times the Named Plaintiff and the Putative FLSA Class members were subject to Defendants' rules regarding minimum numbers and types of performances that each must perform each week.

60.     At all material times the Defendants communicated to Plaintiff and the Putative FLSA Class members that they were subject to discipline, including removal of "Good Standing" and termination for failing to use their best efforts to sell personal dances, failing to appear and complete a scheduled performance date, refusing to appear on stage on a rotational basis, refusing to participate in promotions on site during a performance date, and other "House Rules."

61.     Defendants have communicated their authority to suspend Showgirls for violating the "House Rules."

62.     Defendants control the atmosphere and surroundings at the nightclub, the existence which dictated the flow of customers into the nightclubs.

63.     Named Plaintiff and the Putative FLSA Class members had no control over the customer volume or the atmosphere of the night clubs.

64.     Named Plaintiff and the Putative FLSA Class members had no control over the "Dance Fees" charged to patrons by Defendants.

65.     Plaintiff and the Putative FLSA Class members had no control over Promotions offered by Defendants.

66.     Defendants finance advertising efforts undertaken on behalf of their nightclubs.

67.     Defendants were responsible for investing in the facilities and maintenance of their facilities.

68.     Defendants employed local managers to handle various aspects of its operations including managing the Showgirls.

69.     Defendants employed security personnel to protect its operation and the Showgirls.

70.     Defendants profit from the Showgirls' work through, among other things, the receipt of dance fees, door fees, and fines for rule violations.

**Illegal Misclassification And Willful Obfuscation**

71.     At all material times, Defendants misled Named Plaintiff and the Putative FLSA Class members into believing that they may elect to be "independent contractors" and that any such election controls the legal status of their employment relationship when in fact the FLSA, not the parties' labels, governs whether an individual is an employee entitled to the protections afforded by the FLSA.  Defendants' company-wide scheme of encouraging its Showgirls to select an "independent contractor" status was designed solely to avoid compliance with the FLSA.

72.     Defendants were aware that it was misclassifying its Showgirls as "independent contractors" in violation of the Fair Labor Standards Act.

73. Facts further demonstrating that Defendants' Showgirls, even those who chose to be classified as "independent contractors" including Named Plaintiff and the Putative FLSA Class members, were actually employees of Defendants, include without limitation, the following:

    a. Defendants had the sole right to hire and fire the Showgirls;

    b. Defendants provide the Showgirls with music equipment and a performing stage and limited the range of music options that were acceptable for use in their clubs;

    c. Defendants and its managers supervise the Showgirls;

    d. Defendants schedule Showgirls to work specific hours of the day (lunch time/early afternoon) and threaten to terminate (and do terminate) if they do not work at these undesired work hours;

    e. Defendants maintain certain appearance standards that the Showgirls are required to follow and maintain;

    f. Defendants maintain a rigid dress code that the Named Plaintiff or the Putative FLSA Class members must follow, including specially "themed" days in which Showgirls are expected to dress up in costumes meeting the "theme" in order to perform. Plaintiff and the Putative FLSA Class members are required to provide their own outfits and other tools of the trade but are not compensated for the purchase or maintenance of said outfits or tools;

    g. Plaintiff and the Putative FLSA Class members, individually, contribute less of an investment into their performances than Defendants;

    h. Defendants set the amount Plaintiff and the Putative FLSA Class members charge for dances;

    i. Defendants instructed Plaintiff and the Putative FLSA Class members about when, where, and how they were to perform their work.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Named Plaintiff, and Putative FLSA Class members were never paid any wages.

76.     Rather, Plaintiff's and Putative FLSA Class members' pay a "house fee" to be able to work at the Defendants' clubs.  This "house fee" varies per shift and based on the times worked but is required for a Showgirl to work.

77.     In addition to the "house fees" paid by the Showgirls, the Showgirls also pay to Defendants "dance fees" for each performance for a club patron.  Defendants set the fee charged to the patrons as well as the amount the Showgirls must pay to the club in "dance fees."

78.     Showgirls are also required to provide uniforms or costumes and tools of the trade, which are business expenses of Defendants and not properly classified as employee wages.  Therefore, Defendants must repay the costs incurred for costumes, uniforms or other tools of the trade.

79.     Defendants also instruct the Showgirls to tip out the security, server staff, and DJ at the clubs.

80.     Because Defendants did not pay Named Plaintiff or Putative FLSA Class members any wages, Defendant did not satisfy its minimum wage obligations contained in the Fair Labor Standards Act, 29 U.S.C. § 206.

81.     Because Defendants did not pay Named Plaintiff or Putative FLSA Class members any wages, Defendant did not satisfy its overtime wage obligation of paying them one and half times their regular rate of pay when they worked over forty hours in any given workweek as required under the Fair Labor Standards Act, 29 U.S.C. § 206.

82.     Defendant knew or showed reckless disregard for the fact that it misclassified Named Plaintiff and Putative FLSA Class members as independent contractors, and accordingly failed to pay them the minimum wage and failed to pay them overtime at the required rates under the FLSA.

83.    Defendants willfully violated the FLSA, as Defendants misclassified Plaintiff and the

Class Members for the sole purpose of avoiding Defendants' FLSA obligations to their

entertainer employees.

84.    Named Plaintiff and all similarly situated showgirls/entertainers were required to abide

by Defendants' house rules including: (i) scheduling policies; (ii) time and attendance policies;

(iii) check-in and check-out policies; (iv) customer interaction policies; (v) music policies; (vi)

dance fee policies; and (vii) uniform policies.

85.    Named Plaintiff and Putative FLSA Class members were subject to "fines" or other

disciplinary action by Defendants for not working scheduled nights without calling ahead or

arriving after a scheduled shift time as required by the "House Rules."

86.    Named Plaintiff, and Putative FLSA Class members were required to perform dances at

certain stages as directed by Defendants at specific times for their stage rotation.

87.    The FLSA requires employers to pay their employees a statutory minimum wage and to

pay overtime compensation at a rate not less than one and one-half times the employees' regular

rate of pay. 29 U.S.C. §§ 206 and 207.

88.    Each paycheck that fails to include required wages constitutes a separate statutory

violation.

89.    For a period of three years prior filing of this complaint as part of its uniform business

practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and each

Putative FLSA Class member by engaging in a pattern, practice and policy of violating the FLSA

on a class wide basis, as provided above.

90.    Named Plaintiff and Putative FLSA Class Members under the DVC uniform business

policies and practices were classified as independent contractors and have the same job duties,

the same or substantially similar job title, same or substantially similar work environment, same or substantially similar compensation dance fee allocations, same or substantially similar policies and practices fee-to-work requirements, and same or substantially similar House Rules, and did not receive direct wages from Defendants.

91.     Named Plaintiff and each Putative FLSA Class members were all employees of Defendants.

92.     Named Plaintiff and each Putative FLSA Class members performed compensable activity working as Showgirls at nightclubs owned or operated by Defendants.

93.     Named Plaintiff and Putative FLSA Class Members were all denied direct wages by Defendants.

94.     Named Plaintiff and Putative FLSA Class Members were not paid a minimum wage, a regular hourly wage for hours up to forty hours per week spent performing compensable activity for the primary benefit of the employer and were not paid an overtime premium for any hours worked in excess of 40 per workweek.

95.     Named Plaintiff and Putative FLSA Class Members were required to pay to work for Defendants.

96.     Named Plaintiff and Putative FLSA Class Members were required to remit a portion of their non-wage income to Defendants based on a mandatory fee structure imposed by the Defendants.

97.     Named Plaintiff and Putative FLSA Class Members were required to remit a portion of their non-wage income in accordance with Defendants' "fining" scheme.

98.     Named Plaintiff and Putative FLSA Class Members were required to incur expenses for uniforms or costumes and other tools of the trade that were the proper business expenses of Defendants and for which they should be reimbursed.

99.     Defendants violated the FLSA's anti-kickback provision by requiring named Plaintiff and Putative FLSA Class members to pay fees, "fines" and Defendants' business expenses from their non-wage related income.

100.    Plaintiff and Putative FLSA Class members were/are all non-exempt for purposes of minimum wage payments and overtime payments under the FLSA.

101.    Defendants' failure to pay minimum wage compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Putative FLSA Class Members.

102.    Defendants' policy and practice of classifying Showgirls at its nightclubs occurred at all the locations listed *supra*.

103.    Although the exact amount of damages may vary among Putative FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by simple mathematical formulas.

104.    The Putative FLSA Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Putative FLSA Class Members that supports Defendants' FLSA liability.

105.    By failing to compensate Named Plaintiff and similarly situated Showgirls, Defendants violated and continues to violate their statutory rights under FLSA, 29 U.S.C. §§ 206 and 207.

106.    The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255.

107. Plaintiff, on behalf of herself as well as for and on behalf of other similarly situated Showgirls, seeks to recover the liability prescribed under FLSA, 29 U.S.C. §216(b), including back pay, liquidated damages and/or interest, and such other legal and equitable relief as the Court deems proper.

108. Plaintiff, on behalf of herself and similarly situated Showgirls, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b) to all Putative FLSA Class members;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' violations of the FLSA were willful;

E. A judgment against Defendants and in favor of Named Plaintiff and all similarly situated Putative FLSA Class members, for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA, including repayment of any unreimbursed business expenses, kickbacks or deductions or de facto deductions incurred by any plaintiff;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H.      Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and,

I.      Such other and further relief as this Court deems just and proper in equity and under the law.

Respectfully submitted,

Yezbak Law Offices

*/s/ Charles P. Yezbak, III*_____
Charles P. Yezbak, III (#18965)
Attorney for Plaintiff
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
yezbak@yezbaklaw.com