UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **Jane Doe #1** | ) | |
| | ) | |
|     **Plaintiff,** | ) | No. 3:17-cv-00040 |
| | ) | |
| | ) | Judge Aleta A. Trauger |
| **v.** | ) | |
| | ) | |
| | ) | |
| **DÉJÀ VU CONSULTING, INC.** | ) | |
| **DÉJÀ VU SERVICES, INC,** | ) | |
| **DÉJÀ VU OF NASHVILLE,** | ) | |
| **INC., HARRY MOHNEY, AND** | ) | |
| **JASON MOHNEY** | ) | |
| | ) | |
| | ) | |
|     **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO FILE UNREDACTED CONSENTS AND SECOND
<u>DECLARATION OF JANE DOE #1 UNDER SEAL</u>**

    **I.    Introduction**

Named Plaintiff Jane Doe #1 (hereinafter "Plaintiff" or "Doe #1") requests that the Court permit Plaintiff, Jane Doe #2, and all other similarly situated employees who opt-in (hereinafter in the aggregate "Plaintiffs"), to file Plaintiffs' unredacted consent forms as well as the Second Declaration of Jane Doe #1 in support of Plaintiff's Motion To Proceed Pseudonymously, To Permit Filing of All Unredacted Consents Under Seal And For Entry Of A Permanent Protective Order.

    **II.    Background**

Plaintiff's action was brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and, specifically, the collective action provision of the Act found at §216(b). Plaintiff filed her

1

complaint on January 11, 2017, using the pseudonym Jane Doe #1. (*See* Doc. No. 1). Therein, Plaintiff stated she would disclose her identity to Defense counsel and certain agents of Defendants upon entry of a court approved protective order. However, Defendants obtained a Preliminary Injunction Order Enjoining Case from the Eastern District of Michigan. (*See* Doc. 9). On June 6, 2017, Defendants filed a Consent Motion To Set Briefing Schedule stating that the parties are working on a temporary protective order and that Plaintiff will be filing a permanent protective order to proceed under pseudonym by July 7, 2017. Parties have filed a temporary stipulated protective order, that will be in place until further order of the Court. Plaintiff is filing a motion for and a memorandum in support of the proposed Permanent Protective Order contemporaneously with this filing.

### III. Law and Argument

Plaintiff's counsel emphasizes that he began conferring with Defense counsel shortly after filing the complaint and discussed terms of a proposed protective order pursuant to Fed. R. Civ. 26(c). However, during those conversations Defendants procured the Michigan injunction, preventing Plaintiffs from taking any action in this case. The intervening event prevented Plaintiff from filing the appropriate protective order sooner.

Pursuant to Federal Civil Procedure 5.2, Plaintiffs request the right to file under seal an unredacted copy of the redacted consents previously filed with court. (*See* Doc. 1-1; Doc. 24-1). These were filed with the Court pursuant to 29 U.S.C. §216(b). Accordingly, Plaintiff submitted contemporaneously under seal an unredacted version of Doc. 1-1 and an unredacted version of Doc. 24-1. Additionally, Plaintiff requests the unredacted consents become part of the record as U.S.C. §216(b) requires that written consents be filed with the Court.

Plaintiff has also filed a memorandum in support of Plaintiff's proposed Permanent Protective Order, in which Plaintiff discusses the good cause basis for prohibiting public disclosure of Plaintiffs' identities. Plaintiff incorporates those arguments by reference in support of this motion. The Second Declaration of Doe #1 contains personal information that relates to her family, the therein information relates to her personal privacy interests and do not relate to issues material to Defendants' pay practices. Accordingly, Plaintiff requests the Court limit disclosure of the declaration and its contents to Defense counsel only, until further order of the Court.

The Court may later unseal the filings, or order redacted versions be filed in the public record, if after the Court has considered the competing interests it deems the interests for public disclosure outweighs Plaintiffs' privacy interests. It is well established that this Court, as every other court, has supervisory power over its own records and files. *See* Fed. R. Civ. Proc. 5.2; Fed. R. Civ. Proc. 26. Because opting-in tolls the FLSA statute of limitations, 29 U.S.C. §256, and the fact Defendants have not answered or otherwise responded to Plaintiff's complaint or motion for conditional certification, the Court should grant Plaintiff's motion without prejudice. *Does 1-3 v. Coliseum, Inc.*, No. 2:13-cv-14492, 2013 U.S. Dist. LEXIS 158416, at *2 (E.D. Mich. Nov. 5, 2013).

## IV. Conclusion

For the reasons stated above, as well as stated in the memorandum in support of the Permanent Protective Order being filed contemporaneously with this motion, Plaintiff requests the Court GRANT Plaintiff the right to file under seal, and enter an order prohibiting Defense counsel from disclosing Plaintiff's identity to anyone, until further order of the Court.

3

        Respectfully submitted,

        Yezbak Law Offices

        **/s/ Charles P. Yezbak, III**
        Charles P. Yezbak, III (#18965)
        Attorney for Plaintiff
        2002 Richard Jones Road, Suite B-200
        Nashville, Tennessee 37215
        (615) 250-2000
        (615) 250-2020 Facsimile
        yezbak@yezbaklaw.com
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2017, I filed this document *Memorandum in Support of Plaintiff's Motion to File Unredacted Consents and Second Declaration of Jane Doe #1 Under Seal w*ith the Clerk of the Court using the ECF, which sent electronic notice to the following opposing counsel:

**Edward M. Bearman**
Law Office of Edward M. Bearman
780 Ridge Lake Boulevard
Suite 202
Memphis, TN 38120
(901) 682-3450
(901) 682-3590 (fax)
ebearman@jglawfirm.com

**Matthew J. Hoffer**
SHAFER & ASSOCIATES, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
517-886-6560 – Tel.
517-886-6565 – Fax
Matt@BradShaferLaw.com

Dated: July 6, 2017

/s/ **Charles P. Yezbak, III**
Charles P. Yezbak, III